| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

MR. PRINCE DIVINE MESSIAH
MUHAMMAD,

         Plaintiff,

  - versus -

NEW YORK STATE, et al.; JUDGE
MATSUMOTO; WARDEN EDMUND
DUFFY; and WARDEN TURHAN
GUMUSDERE,

         Defendants.

MEMORANDUM
AND ORDER
15-CV-4033 (JG)(JO)

JOHN GLEESON, United States District Judge:

    The Court received the above-captioned *pro se* complaint on July 8, 2015. Under the name Mr. Prince Divine Messiah Muhammad,[1] the plaintiff, who resides in the Kirby Forensic Psychiatric Center on Wards Island, has filed multiple prior actions in this Court. Muhammad's's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons that follow, the instant complaint is dismissed.

    The Complaint names the Honorable Kiyo A. Matsumoto as a defendant. The Complaint is nearly identical to prior complaints Muhammad filed against the other named individual defendants, Wardens Edmund Duffy and Turhan Gumusdere, the prior and current

---

[1] Plaintiff has filed prior cases under the names Prince Divine Messiah Muhammad, Prince D. M. Muhammad, and Richard McCray. The New York City Department of Correction ("NY DOC") includes an entry for Richard McCray under Book and Case Number 1411507063 and New York State ID Number 04573347P. According to the NY DOC website, plaintiff was released on July 28, 2015.

wardens of the Anna M. Kross Center on Rikers Island. Judge Matsumoto presided over the prior cases. *See Muhammad v. New York State*, No. 15-CV-165 (KAM)(JO) (dismissed after an amended complaint abandoned the property claims); *Muhammad v. New York City*, No. 15-CV-3401 (KAM)(JO) (property claims pending against Warden Gumusdere).[2]

Like the previous complaints, the instant Complaint alleges that Muhammad's personal property (valued at $3,000) was taken from him and was not returned, in violation of his constitutional rights. Compl. at 4. The Complaint also states that "the '4' defendants" called him a racial slur. *Id.* No other allegation is advanced against Judge Matsumoto. Muhammad seeks $100,000 in damages or the $3,000 claimed value of the missing property. Compl. at 5.

Muhammud's claims related to his property at Rikers Island remain pending in *Muhammad v. New York City*, No. 15-CV-3401(KAM)(JO). As this action is duplicative, the instant complaint is dismissed without prejudice to the litigation pending under Docket Number 15-CV-3401. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

Muhammuad's's claim regarding Judge Matsumoto is dismissed, as she cannot conceivably be responsible for taking his property while he was in custody. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith,

---

[2] Plaintiff filed other complaints related to his confinement and treatment at Kirby Psychiatric Center. These cases were transferred to the United States District Court for the Southern District of New York. *See Muhammad v. New York City*, No. 15-CV-2963 (KAM)(JO) (filed May 18, 2015 and transferred to the S.D.N.Y. on June 11, 2015); *Muhammad v. New York City*, No. 15-CV-3602 (KAM)(JO) (filed June 16, 2015 and transferred to the S.D.N.Y. on July 16, 2015); and *Muhammad v. Rabinowitz*, No. 15-CV-3683 (KAM)(JO) (filed June 22, 2015 and transferred to the S.D.N.Y. on July 16, 2015).

and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: September 4, 2015
       Brooklyn, New York